CLARENCE W. MCKAY, Respondent, *v.* ROCHESTER & LAKE ONTARIO WATER SERVICE CORPORATION and Another, Appellants, Impleaded with BERTHA MINGLE LEWIS and Others, Defendants.

Fourth Department, April 1, 1936.

*Moser & Reif* [*Wilton A. Block* of counsel], for the appellant Rochester & Lake Ontario Water Service Corporation.

*Carnahan & Block* [*Wilton A. Block* of counsel], for the appellant American Surety Company of New York.

*McKay & Headley* [*Robert T. Headley* of counsel], for the respondent.

THOMPSON, J. As we construe the complaint, it sets forth a cause of action at law for damages for the refusal of defendant, Rochester & Lake Ontario Water Service Corporation, to issue to plaintiff sixteen and two-thirds shares of its preferred stock upon surrender by plaintiff to it of his certificate for fifty shares of the common stock of the Rochester & Lake Ontario Water Company, in accordance with its offer. The certificate of consolidation of the Rochester & Lake Ontario Water Company and the Clyde Water Supply Company, which became effective on January 26, 1928, among other things, provided as follows:

" The stockholders of Rochester & Lake Ontario Water Company shall surrender for cancellation their certificates and shall be entitled to receive for each share of such stock so surrendered

a certificate for one-third of a share of the preferred stock of the par value of $100 each of the Consolidated Corporation. * * *

" Until surrendered and exchanged for certificates issued by it, the Consolidated Corporation shall recognize the now outstanding certificates of stock of the respective Constituent Corporations as evidencing the rights and interests of the several holders thereof as stockholders of the Consolidated Corporation to the same extent and in the same manner as those rights and interests would be evidenced by certificates issued by it, had such outstanding certificates been exchanged therefor.

" After the consolidation shall have become effective, however, there shall be no further issue or transfer of certificates of stock of the Constituent Corporations, and from time to time as such certificates are presented to the Consolidated Corporation, they shall be cancelled and certificates of stock of the Consolidated Corporation shall be issued, on the basis above set forth, in exchange and substitution therefor."

On the same day the defendant Rochester & Lake Ontario Water Service Corporation duly adopted a resolution, which provided in part as follows:

" Resolved, that pursuant to the Certificate of Consolidation of this Corporation, this Corporation hereby elects to redeem and hereby calls for redemption on April 1, 1928, all of its issued and outstanding Preferred Stock of the par value of One Hundred Dollars ($100) per share at and for the redemption price thereof of One hundred and five dollars ($105) and accrued dividends per share to the date fixed for redemption; and it was further

" Resolved, that the National Bank of Rochester be and it hereby is appointed agent of this Corporation to effect the redemption of the Preferred stock of this Corporation and to make payment of the redemption moneys therefor upon surrender to it of shares of Preferred Stock of this Corporation, properly endorsed for transfer; * * *

" Resolved, that said The National Bank of Rochester, as agent for this Corporation, be and it hereby is authorized and directed to pay to the holders of said Preferred Stock of this Corporation * * * if surrender thereof be made subsequent to April 1, 1928, a sum in cash equivalent to the redemption price thereof of One hundred and five dollars ($105) per share plus accrued dividends to April 1, 1928 only."

Neither of these options prescribes a period of time during which the stock must be surrendered, or the preferred stock issued in place thereof, or redeemed. " An offer until terminated gives to the offeree a continuing power to create a contract by acceptance of the

offer. \* \* \* (1) The power to create a contract by acceptance of an offer terminates at the time specified in the offer, or, if no time is specified, at the end of a reasonable time. (2) What is a reasonable time is a question of fact, depending on the nature of the contract proposed, the usages of business and other circumstances of the case which the offeree at the time of his acceptance either knows or has reason to know." (American Law Institute, Restatement of the Law of Contracts, §§ 34 and 40.)

" What amounts to a reasonable time, however, varies within wide limits," and depends " on all the circumstances of the case." (1 Williston Cont. § 54.)

The provisions of the certificate of consolidation to the effect that the consolidated corporation would recognize the outstanding certificates of stock of the respective constituent corporations as evidencing the rights of the holders thereof in the new corporation to " the same extent and in the same manner as those rights and interests would be evidenced by certificates issued by it," and the provision of the certificate held by plaintiff that it was transferable only on the books of the corporation upon its surrender, created and continued rights in the holders of such certificates which could only be extinguished by a surrender thereof. The requirement of the certificate of consolidation that such stock certificates must be surrendered for cancellation before preferred stock of the consolidated corporation would be issued in place thereof was essential to the protection of the corporation from claims which might be asserted against it by *bona fide* holders of such certificates. (*New York & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 30; *Brisbane* v. *Delaware, L. & W. R. R. Co.*, 94 id. 204; *Nowy Swiat Publishing Co.* v. *Misiewicz*, 246 id. 58.)

No contract arose between plaintiff and the consolidated corporation and no cause of action existed in plaintiff's favor against it until his acceptance of its offer by a surrender of his stock certificate. (*Schorestene* v. *Iselin*, 69 Hun, 250.)

As already appears, plaintiff might have presented his stock for its equivalent in preferred stock, which in turn he was required to turn over in order that he might receive its redemption price, any time after January 26, 1928. This he did not do until May 15, 1934. We hold that no time being set, a triable question of fact as to whether or not in all the circumstances the stock was surrendered and demand made, within a reasonable time, is presented by the complaint, pleadings and affidavits.

For these reasons, the order should be affirmed, with costs.

All concur, TAYLOR, J., in a separate memorandum. Present — TAYLOR, EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

TAYLOR, J., concurs for affirmance, with the following additional memorandum: As between plaintiff and the consolidated corporation, whatever the legal effect of the resolution and the notices to stockholders may have been — that is to say whether there was thereby created (1) a unilateral contract, or (2) a contract immediately binding in all respects upon plaintiff, or (3) a mere option to plaintiff — it is my view that as the resolution of January 26, 1928, and the notices following were worded, plaintiff had a reasonable time to proceed after April 1, 1928, before the Statute of Limitations began to run against him.

Order, so far as appealed from, affirmed, with ten dollars costs and disbursements.